UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Bruce L Bennett Jr,<br><br>        Petitioner,<br><br>   v.<br><br>Margaret Gilbert,<br><br>        Respondent. | CASE NO. 3:16-6035-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: FEBRUARY 17, 2017 |

      This case has been referred to United States Magistrate Judge David W. Christel pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

      Petitioner Bruce L. Bennett Jr. filed a 28 U.S.C. § 2254 petition, ("2016 Petition") in which he seeks to challenge his 1994 conviction for second-degree murder and second-degree robbery. Dkt. 4 at 1. Since the 2016 Petition is a second or successive petition, the Court recommends it be dismissed without prejudice. If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

# DISCUSSION

Petitioner previously sought habeas relief in this Court as to his 1994 conviction. *See Bennett v. Stewart,* Case No. 98-5589-RJB ("1998 Petition").[1] In the 1998 Petition, Petitioner raised eleven grounds for relief:

1. The trial court erred when it admitted hearsay statements that denied Petitioner his right to confrontation.

2. Counsel was ineffective when he "opened the door" to otherwise inadmissible and prejudicial character evidence.

3. The trial court erred when it denied Petitioner's motion for a mistrial when the prosecutor repeatedly violated a specific court ruling and argued Petitioner had reputation for violence, thus denying Petitioner a fair trial, due process, and an impartial panel of twelve jurors.

4. The trial court erred in denying Petitioner's motion to dismiss, when the prosecution caused the loss of evidence, and thereby denied Petitioner the right to a fair trial and due process.

5. Counsel was ineffective by failing to introduce evidence favorable to Petitioner's defense.

6. The prosecution committed misconduct by making statements not supported by the evidence, thereby denying Petitioner his rights to a fair trial and due process.

7. The trial court erred when it failed to meet the burden of proof of every element of the crime beyond a reasonable doubt, thereby denying Petitioner his rights to due process.

8. Counsel was ineffective when he failed to motion the court to properly instruct the jury concerning an essential element of the crime contained within the "to- convict" instruction.

9. The trial court abused its discretion in allowing the state to explore into the facts of the Petitioner's criminal history, thus denying Petitioner his rights to be tried by an impartial and unprejudiced panel of twelve jurors.

10. Counsel was ineffective by failing to motion the Court to give a cautionary jury instruction as to an alleged eyewitnesses' testimony in violation of due process.

---

[1] On January 17, 2017, the Clerk's Office requested relevant documents from the Federal Records Center related to the 1998 Petition. *See* Dkt. entry dated January 17, 2017. The Clerk's Office received the documents on January 20, 2017. *See Bennett v. Stewart,* Case No. 98-5589-RJB at Dkt. 4; Dkt. 16.

REPORT AND RECOMMENDATION - 2

> 11. The sentencing court acted without statutory authority in calculating Petitioner's prior convictions, for which concurrent sentences were served, as both " single" and "separate" offenses instead of "single" or "separate" offenses as regulated by statute and guaranteed under the equal protection and due process clauses.

*Bennett v. Stewart,* Case No. 98-5589-RJB ("1998 Petition") at Dkt. 4; Dkt. 16. The Court denied the 1998 Petition, finding ground six was unexhausted but procedurally barred and the remaining grounds for relief failed on the merits. *See id.* at Dkt. 16 (Report and Recommendation); Dkt. 19 (Order Adopting Report and Recommendation).

In his 2016 Petition, Petitioner again seeks to challenge his 1994 conviction of second-degree murder and second-degree robbery in the Skamania County Superior Court (Case No. 93-1-00102-7). Dkt. 4 at 1. Petitioner alleges in light of a new Washington Supreme Court ruling in *State v. Williams,* 336 P.3d 1152 (2014) his sentence is statutorily unauthorized. Dkt. 4 at 29, 33, 48-49. Petitioner argues his 2016 Petition is not time-barred as he did not have access to *Williams* until late 2014. Dkt. 4 at 48. It also appears Petitioner contends *Williams* is new legal authority which would allow for a successive petition.[2] *Id.* at 49.

The 2016 Petition contests the same 1994 conviction as his 1998 Petition, and thus, Petitioner was required to receive authorization from the Ninth Circuit Court of Appeals before filing his second challenge, which Petitioner did not do. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a)**;** *See Magwood v. Paterson,* 561 U.S. 320,331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). However**,** Ninth Circuit Rule 22–3(a) states:

---

[2] The Courts of Appeals may allow a second or successive petition based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2)(A).

If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

Further, Circuit Advisory Committee Note to Rule 22-3 provides:

The district court is required to transfer mistakenly filed applications for authorization to file a second or successive section 2254 petition or 2255 motion. If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice or, in the alternative, the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.

The rule requires applicants to provide this Court with the proposed petition or motion. Pro se applicants are encouraged to use the form petition or motion adopted by the district court where the applicant anticipates filing the document.

Since Petitioner submitted an unauthorized § 2254 petition to this Court, the Court may refer it to the Court of Appeals in the interest of justice—a finding the Court is unable to make based on the factual allegations in the 2016 Petition. Thus, the Court recommends dismissing the 2016 Petition without prejudice to Petitioner seeking authorization from the Ninth Circuit.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the 2016 Petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the 2016 Petition.

## CONCLUSION

For the above stated reasons, the Court recommends the 2016 Petition (Dkt. 4) be dismissed without prejudice and the certificate of appealability be denied. If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. To obtain the necessary order, Petitioner must file an application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals. The application must comply with Ninth Circuit Rule 22-3. To assist Petitioner, the Court recommends the Clerk be directed to send Petitioner a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 – Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 17, 2017** as noted in the caption.

REPORT AND RECOMMENDATION - 5

1     Dated this 27th day of January, 2017.

                                                 /s/ David W. Christel
                                                 David W. Christel
                                                 United States Magistrate Judge